**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **ENERMECH MECHANICAL SERVICES INC** | **CASE NO. 2:26-CV-01946** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **DELFIN MIDSTREAM INC** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM RULING

Before the Court is "Delfin Defendants' Motion to Stay Proceedings" (Doc. 15) wherein Defendants/Counterclaimants Delfin Midstream, Inc. ("DMI"), Delfin LNG, LLC, and Delfin Offshore Pipeline, LLC (collectively, the "Delfin Defendants") respectively move this Court pursuant to the first-to-file rule and its inherent authority for an order staying all proceedings in this matter pending a determination of fault in the related, earlier-filed lawsuit captioned *Gutierrez v. Delfin Offshore Pipeline, LLC, et al.*, No. 4:26-cv-02098 (S.D. Tex.) (the "Gutierrez Lawsuit"), or until further order of this Court.

## BACKGROUND

On or about September 23, 2025, Delfin Midstream and EnerMech entered into a Master Sales and Service Agreement (the "MSA") wherein Delfin Midstream engaged EnerMech to perform work as part of Delfin's larger project to convert and repurpose the UTOS Pipeline for FLNG export operations, which included the construction of compression facilities at Station 44, construction of spur pipelines, and other work

necessary to make the asset operational.[1] In connection with the Agreement, Delfin Midstream issued Work Order No. EM-US-IND-Q-20631, which incorporated the Agreement's terms and conditions and authorized EnerMech to supply equipment and services at WC-167 and Station 44.[2]

EnerMech alleges that it timely and properly performed its scope of work in a professional and workmanlike manner in accordance with the Agreement and Work Order.[3] From August to November 2025, Delfin approved and paid EnerMech's monthly invoicing totaling approximately $570,380.43.[4] However, EnerMech alleges that as of the date of filing this lawsuit (June 8, 2026), Delfin has failed to pay $2,463,920.76 in invoices EnerMech submitted to Delfin.[5] EnerMech also notes that the December 2025 and January 2026 invoices, totaling $1,323,969.96, were approved for payment by Delfin but remain unpaid.[6] On March 23, 2026, EnerMech was advised that these past due invoices were scheduled to be paid, yet no payment has been received.[7]

Despite amicable demand, including a formal letter dated April 6, 2026, Delfin has failed and/or refused to pay the amounts allegedly due and owing to EnerMech.[8]

---

[1] Complaint, ¶ ¶ 12-13, Doc. 1.
[2] *Id.* ¶ 14.
[3] *Id.* ¶ 16.
[4] *Id.* ¶ 18.
[5] *Id.* ¶ ¶ 19-20.
[6] Pursuant to Section 9.2 of the Agreement, payment shall be made within 30 days, time for payment is of the essence, and Delfin is required to notify EnerMech of any dispute over an invoice within 30 days and shall timely pay all undisputed amounts.
[7] *Id.* ¶ 20.
[8] *Id.* ¶ 22.

On February 3, 2026, a pipeline rupture occurred on Delfin's Offshore Gas Pipeline, which allegedly caused injury to Laman Gutierrez.[9] Gutierrez filed a lawsuit captioned *Gutierrez v. Delfin Offshore Pipeline, LLC*, et al., Case No. 2026-09139, in the 165th District Court of Harris County, Texas, naming Delfin Offshore, Delfin LNG, Delfin Midstream, and other entities as defendants.[10]

On March 5, 2026, Delfin sent a formal demand for indemnification to EnerMech, demanding that EnerMech indemnify, defend, and hold harmless the "Customer Group" in connection with the *Gutierrez* lawsuit pursuant to Section 7 of the Agreement.[11] Section 7 of the MSA provides as follows:

> 7.1 All exclusions and indemnities given under this Clause 7 (save for those under Clause 7.2(c) and 7.3(c)) shall apply irrespective of cause and notwithstanding the negligence or breach of duty (whether statutory or otherwise) of the indemnified party or any other entity or party and shall apply irrespective of any claim in tort, under contract or otherwise at law.

On April 24, 2026, EnerMech's insurer, Indian Harbor Insurance Company, denied coverage to the Delfin Defendants under EnerMech's primary insurance policy, advising that Delfin's indemnity demand and purported requirement that EnerMech name the Delfin Defendants as additional insureds is void and unenforceable under Louisiana's anti-indemnity statutory law.[12]

---

[9] *Id.* ¶ 23.
[10] *Id.* at ¶ 24.
[11] *Id.* ¶ 25.
[12] *Id.* ¶ 27.

## LAW AND ANALYSIS

EnerMech filed this action on June 8, 2026, asserting claims for breach of contract, open account, enforcement of a Louisiana Private Works Act privilege, and unjust enrichment/quantum meruit, all based on the Delfin Defendants' alleged failure to pay $2,463,920.76 in invoices for work performed. Delfin moves to stay this litigation pending the outcome of the state court litigation.[13] EnerMech also seeks, in Count Five, a declaratory judgment that the Agreement's indemnity provisions (Sections 7.1, 7.2, and 8.2) are null, void, and unenforceable under the Louisiana Anti-Indemnity Act, La. R.S. 9:2780.1, (the "LAIA"). EnerMech moves the Court to declare that it has no indemnity obligation to Delfin in connection with the *Gutierrez* lawsuit.[14]

The Delfin Defendants filed their Answer and Counterclaims on July 2, 2026, denying EnerMech's claims and asserting counterclaims including breach of express warranty under the Agreement, alleging that EnerMech's negligent and improperly trained personnel breached Section 5.1 of the Agreement and caused the pipeline rupture, as well as a counterclaim for breach of the indemnification provision based on EnerMech's refusal to indemnify the Delfin Defendants.[15] Additionally, the Delfin Defendants assert that EnerMech's claims are barred due to its own negligence that caused the damage.[16] The Delfin Defendants also assert the affirmative defense that EnerMech's declaratory judgment claim is premature because "the prohibitions in the [Anti-Indemnity] Act . . . are

[13] *Id.* ¶ ¶ 1, 19.
[14] *Id.* ¶ 66.
[15] Answer and Counterclaim, ¶ ¶ 103-23, Doc. 7.
[16] *Id.* ¶ ¶ 79-86.

not implicated unless and until there is a factual determination that the indemnitee was at fault for the underlying injury."[17]

EnerMech has responded through its own Answer to the Counterclaims denying the Delfin Defendants' allegations and reasserting as an affirmative defense that the indemnity and additional-insured provisions are void and unenforceable under the LAIA, and that the Delfin Defendants' own negligence/fault was the sole or contributing cause of the pipeline rupture.

Defendants rely on the first-to-file rule, which provides that "when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Marks v. Mackey*, No. 6:14-CV-00441, 2014 WL 3530137, at *2 (W.D. La. July 15, 2014); *see also Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) (citing *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999)).

The rule does not require identity of parties or claims; substantial overlap is satisfied where the two actions involve closely related questions or common subject matter, such that the core issues are the same or much of the proof adduced would likely be identical. *Marks*, 2014 WL 3530137, at *3; *Biden*, 538 F. Supp. 3d at 653. Once substantial overlap between two suits has been demonstrated, the general rule is that the court in which the action was first filed is the appropriate court to determine whether the later-filed,

---

[17] *Id.* ¶ 74.

substantially similar case should proceed. *Marks*, 2014 WL 3530137, at *3 (quoting *Save Power*, 121 F.3d at 950).

A federal district court possesses authority to stay proceedings as part of "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). To determine whether to stay proceedings under its inherent authority pending a related matter, courts consider "1) hardship and inequity on the moving party without a stay; 2) prejudice the non-moving party will suffer if a stay is granted; and 3) judicial economy." *Crooks v. Placid Oil Co.,* No. 1:23-CV-01469, 2024 WL 3656201, at *2 (W.D. La. Aug. 5, 2024) (quoting *McCleary v. Elekta Inc.*, No. 2:19-CV-01362, 2020 WL 2134149, at *1 (W.D. La. May 5, 2020)).

Defendants assert that the core issue in this lawsuit and the state court lawsuit is the fault for the February 3, 2026, pipeline rupture. In the *Gutierrez* lawsuit, Plaintiff alleges that the Delfin Defendants and other defendants are liable for his injuries because they failed to provide a safe work environment, implement and enforce appropriate safety procedures, and ensure that the pipeline was free of flammable vapors and materials. *Gutierrez v. Delfin Offshore Pipeline, LLC, et al*, No. 2026-09139 (Tex. Dist. Ct. Feb. 25, 2026) (the "*Gutierrez* lawsuit").

Defendants argue that the Louisiana Anti-Indemnity Act's restrictions on indemnification are not implicated unless and until there is a factual determination that the indemnitee was at fault for the underlying injury. *See Ruello v. JP Morgan Chase Bank, N.A.*, No. 20-895, 2021 WL 2291146, at *5–6 (E.D. La. June 4, 2021); *Valley Forge Ins.*

*Co. v. Magnolia River Servs. Inc.*, No. 6:25-CV-00167, 2026 WL 75850, at *5–6 (W.D. La. Jan. 9, 2026). Defendants posit that the question of indemnity cannot be resolved until the *Gutierrez* lawsuit decides who is at fault. Defendants contend that EnerMech is at fault for the rupture because it controlled the natural gas injection and valves at the time and location of the incident.[18]

Defendants in this lawsuit assert that EnerMech breached § 5.1 of the MSA by failing to perform its work in a good and workmanlike manner and therefore owes indemnity under Section 7.2 for any losses and liabilities arising from the *Gutierrez* lawsuit.[19] Defendants maintain that EnerMech's declaratory-judgment claim and the Delfin Defendants' indemnity counterclaim depend on the same fault determination that is being litigated in the *Gutierrez* lawsuit.

As to EnerMech's breach of contract and open account claims, Defendants argue that EnerMech cannot recover the unpaid invoices it claims are owed unless it establishes that it properly performed its contractual obligations, citing *Morris v. Homco Int'l, Inc.*, 853 F.2d 337, 345 (5th Cir. 1988) (buyer of business was not required to make further payments to seller after seller breached agreement); *Bacik Grp. LLC v. Apex Disaster Specialists Louisiana LLC*, No. 2:21- CV-00447, 2023 WL 1460537 at *4 (W.D. La. Feb. 1, 2023).

Delfin has asserted that EnerMech materially breached the Agreement, that EnerMech's claimed damages resulted from its own negligent acts and omissions, and that

---

[18] *Id.* ¶ 122.
[19] *Id.* ¶ 110.

any amounts otherwise owed are subject to offset by the damages caused by EnerMech's breaches and defective performance.[20] Defendants assert that each of these defenses turn on the same factual inquiry presented in the *Gutierrez* lawsuit.

As to EnerMech's unjust enrichment claim, Defendants contend that EnerMech cannot establish this claim if the damages arising from its own allegedly defective work exceed or offset the amounts it seeks to recover. *Brand Coupon Network, LLC v. Catalina Mktg. Corp.*, No. 11-00556-BAJ-RLB, 2014 WL 6674034 at *4 (M.D. La. Nov. 24, 2014) ("The impoverishment element is met only when the factual circumstances show that the impoverishment was not a result of the plaintiffs' own fault or negligence or was not undertaken at his own risk.") (quoting *Gray v. McCormick*, 94-1282 (La. App. 3 Cir. 10/18/1995), 663 So.2d 480, 487).

Additionally, Defendants argue that EnerMech's claims for recognition and enforcement of its Private Works Act privilege, is equally dependent on the determination of fault and any debt would be subject of offset by damages resulting from EnerMech's breach of the Agreement, including repair costs and expenses incurred in defending the *Gutierrez* lawsuit.

Defendants maintain that the *Gutierrez* lawsuit will determine fault for the pipeline rupture, while this action seeks to allocate the consequences of that fault through competing contractual, indemnity, warranty, and insurance claims, and as such, both actions therefore depend on resolution of the same underlying factual dispute.

---

[20] Defendants' Answer and Counterclaim, ¶ ¶ 114-23, Doc. 7.

EnerMech first informs the Court that the MSA contains a forum selection clause that requires that any action arising out of the contract must be entertained in the federal courts of the Western District of Louisiana located in Lake Charles, Louisiana or in the state court located in Lake Charles, Louisiana.[21] Defendants admit in the Anwer and Counterclaim that venue is proper in this district.[22] EnerMech maintains that due to the forum selection clause, the first-to-file rule does not apply citing *DEL Corp. v. Wildcat Fluids, LLC*, No. 6:20-cv-00588, 2020 WL 7374237, at *5 (W.D. La. Sept. 16, 2020), report and recommendation adopted, No. 6:20-cv-00588, 2020 WL 7379967 (W.D. La. Dec. 15, 2020) (quoting *Megadance USA Corp. v. Knipp*, 623 F. Supp. 2d 146, 149 (D. Mass. 2009)) ("It is improper for a party to invoke the first filed doctrine in the face of a clearly articulated forum selection clause in a contract.")

Additionally, EnerMech contends that even if there was no forum selection clause, the first-to-file rule would not apply because there is not substantial overlap as suggested by Defendants. EnerMech informs the Court that the *Gutierrez* pleadings allege fault solely on the part of the Delfin Defendants for failing to provide a safe work environment and ensure the pipeline was free of hazardous materials. EnerMech remarks that the instant lawsuit involves the interpretation of the MSA between Delfin Midstream and EnerMech, alleged breach of contract by Delfin Midstream with potential contractual or quasi-contractual remedies, whether the indemnity provisions of the MSA run afoul of the LAIA,

[21] Plaintiff's exhibit A, p. 6, § 20.
[22] Delfin Defendants' Original Answer and Counter-Complaint, Doc. 7, ¶ 94.

and whether EnerMech is entitled to a privilege against the Delfin Defendants under the Louisiana Private Works Act ("LPWA").

EnerMech asserts that the core issues are not the same and the plaintiffs are not the same, noting that the *Gutierrez* lawsuit has five (5) additional defendants that are not involved in this lawsuit. EnerMech remarks that the evidence in the *Gutierrez* lawsuit will not be the same as the evidence in this lawsuit, nor would it be relevant in this lawsuit. The *Gutierrez* lawsuit will involve the nature of the pigging operations that occurred at the time of the explosion, specifications of the equipment being used, the cause of the explosion, the actions of the various individuals at the site, training and safety operations, causation of personal injuries, the scope of medical treatment undergone by Gutierrez, calculation of pecuniary damages for lost earnings and disability, whereas, the evidence in the instant lawsuit will focus on EnerMech's workmanlike performance under the terms of the MSA, the Delfin's alleged breach of contract, contractual damages and legal issues involving the LAIA and LPWA.

EnerMech argues that the question of liability in the *Gutierrez* lawsuit has no bearing on the legal questions to be addressed in this lawsuit. Enermech relies on *Atl. Specialty Ins. Co. v. Phillips 66 Co.*, 365 F.Supp.3d 706 (E.D. La. Feb. 5, 2019), wherein the court decided motions for summary judgment on whether the indemnification provision in an MSA was invalidated by the LAIA. The court did so without the need for any determination of liability, because liability is irrelevant to the issue of whether the indemnification provision in that case—functionally identical to the one at issue here—was invalid under the LAIA. Similarly, *Atlantic Specialty*, also involved a pipeline rupture

that resulted in an explosion and alleged personal injuries to a contractor's employees on the pipeline. The injured employees sued the pipeline operator, who demanded indemnity and insurance coverage from the contractor pursuant to the terms of their MSA. *Id.* at 709. All involved parties filed actions for declaratory judgment whether the indemnification provisions were valid and enforceable under the LAIA. *Id.*

Judge Fallon decided that legal question in the declaratory judgment action and rendered summary judgment that: (1) an MSA for repair and pigging operations on an offshore gas pipeline qualified as a "construction contract" under the LAIA; *Id.* at 712. and (2) the indemnification provision, which purported to require the contractor to indemnify and defend the pipeline operator for its own negligence, was totally null and void, and the contractor had no duty whatsoever to defend or indemnify the pipeline operator in the underlying personal injury litigation. *Id.* at 714.

EnerMech also cites *Salathe v. Par. Of Jefferson Through Dep't of Sewerage*, 300 So.3d 460 (La.App. 5 Cir. 7/15/20) where the court decided the question of indemnification before any finding of fault. EnerMech reasons that if the indemnification provision is found to be null and void, the parties are placed back into an ordinary comparative fault regime, and fault will be apportioned accordingly—no party will indemnify the other for its own percentage of fault. EnerMech informs the Court that it intends to file a motion for summary judgment on this issue, and thus the Court should deny Defendants' request for a stay. Additionally, EnerMech asserts that a stay would be prejudicial as to its claims if it has to wait for over eighteen months for the state court action to proceed to trial, if it does

proceed to trial, recognizing that if a settlement agreement is reached the state court proceeding may never determine the fault of the parties.

Defendants suggest that allowing the state court and this Court to proceed in two parallel proceedings would risk inconsistent findings on the central question of fault, waste judicial and party resources. Additionally, Defendants remark that it would create a substantial hardship on Defendants to simultaneously defend a personal-injury trial and litigate overlapping fault, indemnity, and warranty issues in this Court—deposing the same witnesses, retaining technical experts, and producing the same documents in two proceedings.

In *Ruello v. JP Morgan chase Bank, N.A.*, the Court clearly set forth Louisiana jurisprudence that has consistently held that when a court is asked to void an indemnity provision under the LOIA, it may not do so until there has been a determination of the indemnitee's fault or liability. 2021 WL 2291146 (E.D. La. 6/4/2021) (citing *Meloy v. Conoco*, 504 So.2d 833, 839 (La. 1987); *Borman v. Shamrock Energy Sols., LLC*, 2019 WL 670402, at *4 (E.D. La. Feb. 19, 2019);[23] see also *Louisiana United Bus. Ass'n Cas. Ins. v. J&J Maint., Inc.*, 328 F.Supp.3d 563, 571 (W.D. La. 20185).

However, the one issue before this case is not whether a dispositive motion as to the LAIA is ripe or justiciable, but whether to stay the entire case that includes claims that are not being litigated in the *Gutierrez* lawsuit.

[23] These cases involved the Louisiana Oilfield Indemnity Act, which case law has interpreted to be almost indistinguishable from the LAIA. See *Louisiana United Bus. Ass'n Cas. Ins. v. J&J Maint., Inc.*, 328 F.Supp.3d 563, 572 (W.D. La. 20185).

Defendants also assert that EnerMech has failed to establish undue prejudice should the Court agree to stay this lawsuit. The Court disagrees. EnerMech is seeking a breach of contract claim for unpaid invoice that amounts to over $2 million for work it has already performed. The MSA clearly states that any dispute arising out of it is to be filed here in the state of Louisiana, whether in federal or state court. As noted by Enermech, the Texas state court lawsuit is a tort action that does not include EnerMech and has different defendants and different standards to be applied to the tort action, as opposed to EnerMech's breach of contract claim for unpaid invoices, open account, enforcement of a Louisiana Private Works Act privilege, and unjust enrichment/quantum meruit. Additionally, the *Gutierrez* lawsuit will not fully litigate the matters in controversy in this lawsuit. See *AXA Re Property & Cas. Ins. Co. v. Day*, 162 Fed. Appx. 316 (5th Cir. 2006). Unlike in *AXA*, where the Court entertained a motion to dismiss, here, Defendants are moving for a stay pending final resolution of fault in a matter that does not include EnerMech. The Court finds no justification to stay this lawsuit. Accordingly,

**IT IS ORDERED** that the Delfin Defendants' Motion to Stay Proceedings" (Doc. 15) is **DENIED.**

**THUS DONE AND SIGNED** in chambers on this 21st day of October, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**